UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DELVIN HAYNES**                                                                                   **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 17-9799**

**MIESHIA SCOTT**                                                                                    **SECTION "E" (3)**

**REPORT AND RECOMMENDATION AND ORDER ON PAUPER STATUS**

**Considering the application and affidavit to proceed in forma pauperis [Doc. #2],**

**IT IS ORDERED that:**

**X**   the motion is GRANTED; the party is entitled to proceed in forma pauperis.

☐   the motion is MOOT; the party was previously granted pauper status.

☐   the motion is DENIED; the party has sufficient funds to pay the filing fee.

☐   the motion is DENIED; the party is not entitled to proceed in forma pauperis for the listed reasons:

_____
_____

**The Clerk of Court is directed to withhold summons.**

*Pro se* plaintiff, Delvin Haynes, filed the above-captioned matter in this Court in which he sues defendant Mieshia Scott. He asks the Court "to charge Mieshia Scott with mail theft." [Doc. #1 at p. 1]. Plaintiff seeks no monetary damages or other relief from defendant.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
                       \*   \*   \*
    (B) the action or appeal –
        (i)    is frivolous or malicious;
        (ii)   fails to state a claim on which relief may be granted; or
        (iii)  seeks monetary relief against a defendant who is immune

1

from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

For the following reasons, **IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

"Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts." *Bland v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 09-4407, 2009

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

WL 3486449 (E.D. La. Oct. 23, 2009); *see also Kron v. Tanner*, Civ. A. No. 10-518, 2010 WL 1418338, at *1 (E.D. La. Mar. 31, 2010) (denying request to charge two individuals because federal courts lack the power to do so); *Hymel v. Champagne*, Civ. Action No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007) (same); *May v. Kennard Indep. School Dist.*, No. 9:96–CV–256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996) (same).

Moreover, the Court notes that the commencement of federal prosecutions is a matter of discretion left to the executive branch of government. As the United States Fifth Circuit Court of Appeals has noted:

> Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys for the United States in their control over criminal prosecutions.

*United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965).

Accordingly, because plaintiff asks for no other relief than to charge defendant with mail theft,

**IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

New Orleans, Louisiana, this 12th day of October, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**